UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS K. BUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-CV-524-TAV-CCS |
| ) | |
| THE CHANCERY COURT OF KNOX COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The Plaintiff, who is proceeding *pro se*, has filed this suit alleging illegal conspiracy and concealment of money in probate proceedings in the Chancery Court for Knox County, Tennessee. [See Doc. 1]. Now before the Court are Plaintiff's Motion for Appointment of Legal Counsel [Doc. 2], in which Plaintiff moves the Court to appoint an attorney to represent him in this case, and Plaintiff's "Motion for U.S. Attorneys Assistance Under U.S.C. 18 § 1345(3)(B)," [Doc. 4], in which Plaintiff moves the Court to order the United States Attorney to aid him in this litigation.

The Court of Appeals for the Sixth Circuit has held that appointment of counsel in a civil case is not a constitutional right. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993). It is, instead, a privilege that is justified only by exceptional circumstances. Id. at 606. The appointment of counsel is not appropriate where "the chances of success are extremely slim." Id.

The Court has reviewed the factual allegations in the Complaint [Doc. 1], and the Court finds that this case involves allegations of misdeeds by persons involved in the probate of an estate. The factual allegations are based upon the Plaintiff's first-hand knowledge. Moreover, it appears to the undersigned that the chances of this case surviving a motion to dismiss – alleging either a lack of jurisdiction or a failure to state a claim – are modest. While the Court is mindful of and sympathetic to the Plaintiff's lack of legal experience, this condition is not exceptional. Accordingly, the Court finds that no exceptional circumstances justifying the appointment of counsel have been presented in this case, and therefore, the Plaintiff's "Motion for Appointment of Legal Counsel" **[Doc. 2]** is **DENIED**.

The Court also finds that the "Motion for U.S. Attorneys Assistance Under U.S.C. 18 § 1345(3)(B)," is not well-taken. As stated above, the Court finds that the Plaintiff has not demonstrated exceptional circumstances that would support appointment of counsel generally. Moreover, the Court has reviewed 18 U.S.C. § 1345, and the Court cannot find that it provides any basis for appointing the United States Attorney or her deputies to aid Plaintiff in this case. The Court is not aware of any other statute that would support affording such extraordinary relief. Accordingly, the Court finds that the "Motion for U.S. Attorneys Assistance Under U.S.C. 18 § 1345(3)(B)," **[Doc. 4]** is not well-taken, and it is **DENIED**.

In sum, the Plaintiff's "Motion for Appointment of Legal Counsel" **[Doc. 2]** is **DENIED**, and the "Motion for U.S. Attorneys Assistance Under U.S.C. 18 § 1345(3)(B)," **[Doc. 4]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge