UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| THOMAS K. BUSH, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:15-cv-524-TAV-CCS |
| | ) | | |
| THE CHANCERY COURT OF | ) | | |
| KNOX COUNTY, TENNESSEE, | ) | | |
| PROBATE COURT, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff's Motion for Reconsideration of Magistrate Judge Shirley's December 14, 2015 Order [Doc. 7] and Motion for Default Judgment [Doc. 10]. For the reasons that follow, the Court will deny both motions.

**I.   Background**

On November 24, 2015, plaintiff filed a "petition for injunction . . . under 18 U.S.C. § 1345" against the Chancery Court for Knox County, Tennessee, Probate Court [Doc. 1]. At some point thereafter, "the Knox County probate court clerk stamped [a] copy of the summons" and plaintiff served the same individual with copies of "the petition, motion for appointment of counsel, and . . . IRS form 211" [Doc. 3]. On December 4, 2015, plaintiff requested that counsel be appointed to assist with the litigation of his claim [Doc. 4]. This Court referred the motion to Magistrate Judge Shirley [Doc. 5], who in turn denied the request [Doc. 6]. Plaintiff then filed an appeal of

that denial [Doc. 7] and request for default judgment against the Chancery Court for Knox County, Tennessee, Probate Court [Doc. 10].

## II.     Request for the Appointment of Counsel

Subject to certain exceptions, district judges are allowed under 28 U.S.C. § 636(b)(1)(A) to "designate a magistrate judge to hear and determine any pretrial matter pending before the Court." 28 U.S.C. § 636(b)(1)(A).  In this case Magistrate Judge Shirley was referred, and ultimately denied, plaintiff's request for the appointment of legal counsel to assist with litigation of his claim under 18 U.S.C. § 1345 [Doc. 4]. A district judge may reconsider any pretrial matter determined under "subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Plaintiff's complaint contains allegations of an illegal conspiracy to conceal monies from his father's estate and asks the Court to enjoin the Chancery Court for Knox County, Tennessee, Probate Court, from issuing a final order in that case [Doc. 1]. Magistrate Judge Shirley grounded the denial of plaintiff's request on three considerations: the absence of a constitutional right to counsel in civil proceedings, plaintiff's "modest" chances of surviving a motion to dismiss based on lack of jurisdiction or failure to state a claim, and the well-established principle that lack of legal experience alone does not rise to the level of an "exceptional" condition [Doc. 6]. In his motion for reconsideration, plaintiff reiterates allegations from the complaint—suggesting that an undisclosed number of individuals involved in the probate of his

2

father's will committed fraud in violation of 18 U.S.C. § 1345—and appends several documents, letters, and responses relevant to the underlying probate action [Docs. 7, 7-1 (containing motion contesting the will, responsive filings from the executor, and various forms of correspondence relevant to the estate)]. Noticeably absent, however, is any basis for reconsidering the challenged order.

The Sixth Circuit Court of Appeals has held that appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). It is, instead, a privilege that is justified only by exceptional circumstances. *Id.* at 606. The appointment of counsel is not appropriate where "the chances of success are extremely slim." *Id.*

As an initial matter, the Court agrees that plaintiff's lack of legal experience does not justify the appointment of civil counsel under the circumstances. Further, the complaint relies on 18 U.S.C. § 1345—a criminal statute authorizing the Attorney General to enjoin certain fraudulent conduct—as the private cause of action. However, numerous courts have held that 18 U.S.C. § 1345 does not confer a private cause of action and, as a result, cannot serve as a basis for federal question jurisdiction. *Reynolds v. Wilkerson*, No. 13-cv-04855, 2014 WL 4062771, at *4 (N.D. Cal. Aug. 14, 2014); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (noting the Supreme Court is "quite reluctant to infer a private right of action from a criminal prohibition alone"); *RJ Prod. Co. v. Nestle USA, Inc.*, No. 10-0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (noting that because 18 U.S.C. §§ 1341,

1343, 1345, 1346, 1349 are "criminal statutes [that] do not provide for private causes of action, they cannot be used to grant plaintiff access to federal courts"); *Robinson v. Joya*, No. 1:08-1339-JLS, 2010 WL 890437, at *11 (E.D. Cal. Mar. 8, 2010) (holding that where there was no private right of action under a criminal statute, plaintiff could not allege a claim for conspiracy to violate that very same criminal statute).

Failure to establish that the challenged order was rendered in contravention of federal law or based upon an erroneous application of fact means that the same is immune from reconsideration under 18 U.S.C. § 636(b)(1)(A). Accordingly, the denial of appointment of counsel will be upheld.

### III. Request for Entry of Default Judgment

Rule 55(a) provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b) allows the Court, and in a limited number of circumstances the Clerk, to award default judgment. Fed. R. Civ. P. 55(b). "'Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), [however,] there must be an entry of default as provided by Rule 55(a)[,]' . . . [and failure to] first seek entry of a default from the clerk of the court . . . [renders the motion for default judgment] procedurally improper." *Heard v. Caruso*, 351 F. App'x 1, 15–16 (6th Cir. 2009); *see also Colston v. Cramer*, No. 07-CV-12726, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) ("[T]he majority of courts [find] that a plain reading of Federal Rule of Civil Procedure 55 requires a clerk's

4

entry of default before a court can enter a default judgment."); *Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004). In the current case, the absence of an entry of default under Rule 55(a) precludes an award of default judgment under Rule 55(b).

In addition to the procedural impropriety outlined above, lack of personal jurisdiction over the Chancery Court for Knox County, Tennessee, Probate Court, operates as an alternative basis for denying plaintiff's motion for default judgment. Service of process is a fundamental prerequisite to the exercise of personal jurisdiction. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1990). It is elementary that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 924, 928 (E.D. Tenn. 2002). "In the absence of service . . . a federal court ordinarily cannot exercise personal jurisdiction over the defendant." *Arthur*, 249 F. Supp. at 928.

Rule 4(j) of the Federal Rules of Civil Procedure provides that a "state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by" either "delivering a copy of the summons and of the complaint to its chief executive officer" or serving copies of the same "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Rule 4.04 of the Tennessee Rules of Civil Procedure

5

requires that copies of the summons and of the complaint be delivered "to the chief executive officer of the county, or if absent from the county, to the county attorney if there is one designated." Tenn. R. Civ. P. 4.04(7). The Court finds that plaintiff's conduct—getting the probate court clerk to stamp the summons, but only providing that individual with copies of the complaint, motion for appointment of counsel, and IRS form—failed to effectuate service of process under either rule. Plaintiff is responsible for ensuring service of process in compliance with the Federal Rule of Civil Procedure 4 and failure to do so requires denial of his motion for default.

## IV. Conclusion

For these reasons, plaintiff's motion for reconsideration of Magistrate Judge Shirley's December 14, 2015 order [Doc. 7] and motion for entry of default judgment against the Chancery Court for Knox County, Tennessee, Probate Court [Doc. 10] are **DENIED**. Further, in light of plaintiff's failure to serve defendant, plaintiff is hereby **ORDERED**, within twenty-one (21) days from the date of this order, to show cause why this case should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE