UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THOMAS K. BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-524-TAV-CCS |
| | ) | |
| ROBERT GODWIN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 46] of the Chief District Judge.

Now before the Court is a Motion to Compel Order [Doc. 45]. In the Plaintiff's Motion, he requests the following relief: (1) that Defendants Godwin, John R. Bush, and Nancy Bush provide the correct mailing address of Defendants John Joseph Bush and Rebecca Bush; (2) compel Defendants Robert Godwin, John R. Bush, and Nancy Bush to file a responsive pleading or to permit the Plaintiff to file a default judgment; (3) direct the U.S. Marshals to serve Defendants D. Scott Hurley and Ryan Shamblin or to permit the Plaintiff to file a default judgment; (4) issue bench warrants for Defendants D. Scott Hurley and Ryan Shamblin; (5) grant a pre-arrest hearing for all of the Defendants; and (6) to join the United States Attorney for the Eastern District of Tennessee as a party to this action.

With respect to the Plaintiff's request to compel Defendants Godwin, John R. Bush, and Nancy Bush to provide the addresses of John Joseph Bush and Rebecca Bush, the Court **DENIES** this request. With respect to John Joseph Bush's address, the Court notes that on April 7, 2017, the Plaintiff filed a Notice of Service of Complaint [Doc. 48], providing John Joseph Bush's

1

address. Because Plaintiff has John Bush's address, this request is moot. With respect to obtaining Rebecca Bush's address, the Court notes that the Plaintiff has not provided any explanation as to why he may lack the ability to locate Rebecca Bush's address, nor has he explained any effort to do so. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). Accordingly, the Court finds Plaintiff's request not well-taken.

The Plaintiff also requests that the Court order Defendants Godwin, John R. Bush, and Nancy Bush to file a responsive pleading. It appears to the Court that these Defendants have been served [Docs. 41, 42, and 43]. Accordingly, the Court **ORDERS** Defendants Godwin, John R. Bush, and Nancy Bush to respond to the Complaint within thirty days of entry of this Order. If these Defendants fail to file a response, the Plaintiff may move for entry of default pursuant to Federal Rule of Civil Procedure 55. The Clerk of Court is **DIRECTED** to mail this Order to Defendants Robert Godwin, John R. Bush, and Nancy Bush at the address provided in Docs. 41, 42, and 43.

Further, the Plaintiff requests that the U.S. Marshals serve Defendants D. Scott Hurley and Ryan Shamblin or that the Court allow Plaintiff to file a default judgment. As acknowledged by the Plaintiff, these Defendants have not been served, and therefore, a default judgment is not appropriate. Further, the Court notes that Federal Rule of Civil Procedure 4(c)(3) provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a personally specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

The latter provision requiring the Court to order the U.S. Marshals to serve does not apply because the Plaintiff is not proceeding in forma pauperis or as a seaman. The word "may" gives

the Court the discretion to direct the United States Marshals to effect service in other cases. *See also Ovallee v. Fresno Bee Newspapers*, No. CV-08-6751, 2009 WL 398094, *1 (C.D. Cal. Feb. 13, 2009). The Advisory Committee Notes provide some direction as to when the Court should direct the United States Marshal to serve defendants, *i.e.*, when a law enforcement officer's presence appears to be necessary or advisable to keep the peace. The Court finds that this does not appear to be a case wherein a law enforcement officer's presence is necessary. Further, the Plaintiff has not provided any evidence of his lack of ability or resources to effect service. *Id.* Accordingly, the Court finds that the Plaintiff has not established that he has exhausted other reasonable methods of effecting service and the Court declines to order the United States Marshals to serve the Defendants at this time.

With respect to the Plaintiff's requests to issue bench warrants for Defendants D. Scott Hurley and Ryan Shamblin and to grant a pre-arrest hearing for all the Defendants, these requests are **DENIED**. The Plaintiff fails to explain why the Court would issue a bench warrant for these Defendants and it is not clear what the Plaintiff means by a "pre-arrest hearing." Finally, the Plaintiff's request to join the United States Attorney in this action is denied for similar reasons. The Plaintiff has not provided the Court with any argument as to why the United States Attorney should be joined in this action. Accordingly, the Plaintiff's Motion to Compel Order [**Doc. 45**] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge